**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RONALD KING,                                          CASE NO.: 2:19-cv-00634

    Plaintiff,
v.

I2 VISUAL, INC.,

    Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, Ronald King (the "Plaintiff"), by and through counsel, sues Defendant, I2 Visual, Inc. (the "Defendant"), and states:

1. This is an action for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and related State law claims.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the FLSA.

3. This Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

5. The Plaintiff is a citizen of the State of Florida and a resident of Broward County.

6. The Defendant is a Florida corporation doing business in Lee County, Florida.

### APPLICABILITY OF THE FAIR LABOR STANDARDS ACT

7. At all times material hereto, the Plaintiff was employed by the Defendant within

the meaning of the FLSA.

8. In performing his duties for the Defendant, the Plaintiff was engaged in commerce within the meaning of the FLSA.

9. In performing his duties for the Defendant, the Plaintiff used goods and products that had been moved or produced in interstate commerce.

10. At all times material hereto, the Defendant has used goods and products that have been moved or produced in interstate commerce.

11. At all times material hereto, the Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

12. The Plaintiff was employed by the Defendant from approximately June 2018 to April 2019 (the "Covered Period").

13. Throughout the Covered Period, the Plaintiff was a full-time employee of the Defendant.

14. Throughout the Covered Period, the Defendant paid the Plaintiff at an hourly rate of $21.00 an hour.

15. Throughout the Covered Period, the Defendant did not pay the Plaintiff for all of the hours that he worked.

16. Throughout the Covered Period, the Plaintiff worked approximately 118 hours of regular time that he was not compensated for.

17. Throughout the Covered Period, the Plaintiff was required to work in excess of forty (40) hours a week.

18. Throughout the Covered Period, the Plaintiff worked approximately 36 hours of overtime that he was not compensated for.

19.     The Plaintiff is owed approximately $3,612.00, not including liquated damages.

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 207)**

20.     The Plaintiff realleges and incorporates by reference paragraphs 1 to 19.

21.     Under the FLSA, the Plaintiff was entitled to pay for every hour he worked for the Defendant and for overtime premium compensation of one and one-half times his regular rate of pay, for the hours he worked beyond forty (40) per week for the Defendant.

22.     By the above course of conduct, the Defendant violated the FLSA.

23.     Upon information and belief, the Defendant's practice of not compensating the Plaintiff was not approved in writing by the United States Department of Labor.

24.     Upon information and belief, the Defendant's practice of not compensating the Plaintiff was not based on the Defendant's review of any policy or publication of the United States Department of Labor.

25.     Upon information and belief, the Defendant's practice of not compensating the Plaintiff was not based upon any advice of counsel received by the Defendant.

26.     Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any investigation by the Defendant of whether the Plaintiff actually exceeded forty (40) hours during any pay period.

27.     Consequently, the Defendant has violated the FLSA willfully.

28.     Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendant his unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a)     awarding damages in the amount of his unpaid compensation pursuant

to 29 U.S.C. § 216(b);

  (b)  awarding additional liquidated damages equal to the amount of his unpaid compensation pursuant to 29 U.S.C. § 216(b);

  (c)  awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

  (d)  awarding fees and costs incurred in this action; and

  (e)  granting any other legal or equitable relief the Court deems just and proper.

## COUNT II – SERVICES RENDERED

29. The Plaintiff realleges and incorporates by reference paragraphs 1 to 19.

30. The Plaintiff performed services for the Defendant under terms described herein.

31. The Plaintiff has not been fully compensated for those services to date.

32. The Defendant owes the Plaintiff $3,612.00 that is due with interest for services provided to and on behalf of the Defendant.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

  (a)  awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

  (b)  awarding attorneys' fees and costs pursuant to Florida Statute § 57.105;

  (c)  awarding fees and costs incurred in this action; and

  (d)  granting any other legal or equitable relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

DATED September 3, 2019.

>Respectfully Submitted By:
>
>Gulisano Law, PLLC
>5645 Coral Ridge Drive, Suite 207
>Coral Springs, FL 33076
>954-947-3972 – office
>954-947-3910 – fax
>michael@gulisanolaw.com – email
>
>s/ Michael Gulisano
>Michael Gulisano, Esquire
>Florida Bar No.: 87573