**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RONALD KING,                                          **CIVIL ACTION**

                    Plaintiff,
                                                      Case No.
vs.                                                   2:19-cv-00634-FtM-60NPM

I2 VISUAL, INC.,                                      Judge:  THOMAS P. BARBER
                                                      Magistrate: NICHOLAS P. MIZELL
                    Defendant.
_____/

**DEFENDANT/COUNTER-PLAINTIFF, 12 VISUAL, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES**

Pursuant to Local Rule 3.01(b) of the Rules of the District Court for the Middle District of Florida, Defendant/counterclaimant, I2 VISUAL, INC. ("I2 Visual"), by its undersigned attorneys, files this Response in Opposition to Plaintiff's Motion to Dismiss Counterclaims and to Strike Affirmative Defense ("Motion") (DE 21) as follows:

**Introduction[1]**

Plaintiff filed a two-count Complaint against Defendant for unpaid wages, alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (Count I) and a "services rendered" claim arising under Florida common law (Count II).  [DE 2].  I2 Visual denies Plaintiff's allegations and views the Complaint as opportunistic and predatory.

---

[1] As a threshold matter, Plaintiff's Motion Violates Local Rule 1.05 which requires all papers be "at least 12-point type" M.D. Fla. L.R. 1.05 (a).  Plaintiff's twenty-four-page Motion appears to be 11-point font.  It is unclear if the document is double-spaced throughout either.  Plaintiff should be required to withdraw and resubmit a conforming Motion that adheres to the Rules of this District. Had Plaintiff complied with the font requirement of Local Rule 1.05, Plaintiff's motion to strike would likely exceed the page limit and be discounted.

I2 Visual filed an Answer, Affirmative Defenses, and a three-count Counterclaim for: civil theft (Counts I and II) and negligence (Count III). [DE 20]. In its Affirmative Defenses, I2 Visual alleges, inter alia, that Plaintiff submitted unsubstantiated time entries and failed to appear at jobsites. I2 Visual's Counterclaims allege that Plaintiff engaged in the unauthorized use of I2 Visual's credit card, removed a dashboard from a company vehicle entrusted to Plaintiff, and negligently caused the removal of the dashboard.

Plaintiff's Motion asks the court to dismiss I2 Visual's Counterclaims because they arise under state law, yet Plaintiff's own Complaint alleges a state law claim (Count II) which, of course, is controlled by state law. Plaintiff's Motion also relies heavily on factual allegations outside the pleadings – asking this Court to render nuanced factual determinations as to damages at this preliminary stage – and adopts a narrow reading of *Brennan v. Heard* that has been questioned in this District. For these reasons, Plaintiff's Motion should be denied.

### Legal Standard

In ruling on Plaintiff's motion to dismiss,

> the Court takes the allegations in the counterclaim as true and construes the allegations "in the light most favorable to the [Defendants]." [citation omitted]. "When considering a motion to dismiss, all facts set forth in [Defendants' counterclaim] 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.' " [citation omitted]. A motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.' "

*Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1282 (S.D. Fla. 2019).

I.      **This Court has subject matter jurisdiction over I2 Visual's Counterclaim as compulsory counterclaims.**

A.  **Supplemental Jurisdiction exists over I2 Visual's Counterclaims.**

28 U.S.C. § 1367 provides in part that:

> (a)Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). The "same case or controversy" means that a court has "supplemental jurisdiction over all state claims which arise out of a common nucleus of operative facts with a substantial federal claim." *Lucero v. Trosch*, 121 F. 3d 591, 597 (11th Cir. 1997) (citation omitted). If a counterclaim is compulsory, then a district court has supplemental jurisdiction over that counterclaim. *Kentish v. Madahcom, Inc.*, 8:08-CV-44T30MSS, 2008 WL 927561, at *1 (M.D. Fla. Apr. 4, 2008). A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party . . . ." Fed. R. Civ. P. 13(a)(1)(a) and (b).

The Eleventh Circuit employs the "logical relationship" test to determine whether a counterclaim is compulsory rather than permissive. *Kentish v. Madahcom, Inc*., 8:08-CV-44T30MSS, 2008 WL 927561, at *1 (M.D. Fla. Apr. 4, 2008) (citation omitted). "Under this test, 'there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'" *Id.* at *1 (internal citation omitted).

Critically, "[w]here multiple claims involve many of the same factual issues ... ***or where they are offshoots of the same basic controversy between the parties***, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action." *Id*. at *1 (emphasis added); *see Ward v. Winter Garden Bus. Park, LLC*, 6:06CV53-PRL-31KRS, 2006 WL 1382108, at *2 (M.D. Fla. May 19, 2006) (finding defendant/employer's counterclaim for rent owed by plaintiff/employee was "logically related" to plaintiff's claim and constituted "offshoots of the same basic controversy"); *see also Zambrana v. Geminis Envios Corp.*, 08-20546-CIV-MOORE, 2008 WL 2397624, at *3 (S.D. Fla. June 10, 2008) (finding defendant/employer's counterclaims for tortious interference, unjust enrichment, and breach of loan where so closely related to plaintiff's FLSA claim that they form part of the same case or controversy."); *Hunter v. Kenaday Med. Clinic, Inc*., 8:11-CV-643-T-23TGW, 2011 WL 2600656, at *1 (M.D. Fla. June 30, 2011) (finding employer's counterclaim for fraud was "logically connected to, and based on, the same operative facts as the plaintiffs' FLSA claim"); *Arcusa v. Lisa Coplan-Garder, P.A*., 3:07CV712J33TEM, 2007 WL 3521986, at *1 (M.D. Fla. Nov. 15, 2007) (finding employer/defendant's counterclaim for conversion that led to employee's termination was "logically related" to employee/plaintiff's claim for overtime pay and retaliation).

Here, I2 Visual's Counterclaims are, "at the very least . . . offshoots of the same basic controversy between the parties" and thus compulsory counterclaims. *Ward v. Winter Garden Bus. Park, LLC*, 6:06CV53-PRL-31KRS, 2006 WL 1382108, at *2 (M.D. Fla. May 19, 2006). I2 Visual has alleged that that Plaintiff used I2 Visual's company credit card to for personal expenditures unrelated to his job. The Counterclaims involve not merely the parties' employer-

employee relationship, but involve Plaintiff's compensation (Count I) and Plaintiff's claim for "services" (Count II), the subject of Plaintiff's FLSA and Florida law claim.

Where the parties' claims relate to employment compensation, the logical relationship test may be met. *See, e.g., Kentish*, 2008 WL 927561 at *2. In *Kentish*, this court determined that a defendant/employer's breach of the company's credit card agreement against plaintiff/employee was logically related to the plaintiff/employee's wage claim because the parties' claims were "logically related to Plaintiff's employment compensation." *Id.* at *2. The same is true here: I2 Visual's counterclaim logically relates to Plaintiff's alleged entitlement to employment compensation. Similarly, in *Hunter,* the employer's counterclaim for fraud derived from the parties' employment agreement, and thus, was "logically connected to, and based on, the same operative facts as the plaintiffs' FLSA claim." *Hunter v. Kenaday Med. Clinic, Inc*., 8:11-CV-643-T-23TGW, 2011 WL 2600656, at *1 (M.D. Fla. June 30, 2011). Because I2 Visual's counterclaim is an offshoot of the same basic controversy – to what, if anything, is Plaintiff entitled as compensation – it should not be dismissed.

### B. I2 Visual must raise its compulsory counterclaim to avoid preclusion.

I2 Visual's compulsory counterclaim will be precluded if I2 Visual fails to plead it in this action. A party's failure to raise a compulsory counterclaim is "subject to preclusion if not raised." *Hunter*, 2011 WL 2600656, at *1; *see also Sotelo v. Interior Glass Design, LLC*, 16-24224-CIV, 2017 WL 7796317, at *5 (S.D. Fla. Aug. 4, 2017) (quoting *Hunter* at *1).

### C. Plaintiff's reliance on *Brennan* is misplaced.

Much of Plaintiff's Motion asserts that *Brennan v. Heard* bars I2 Visual's counterclaims, but *Brennan* is not clearly controlling here.    491 F.2d 1 (5th Cir.1974). "In *Brennan,* the employer sought to reduce the wage owed to the employee by claiming credit for material and

supplies provided to the employee." *Hunter,* 2011 WL 2600656 at *1. *Brennan* "merely holds that in FLSA cases, a defendant-employer cannot receive a set-off that would decrease the plaintiff-employee's wages below the minimum standard." *Sotelo v. Interior Glass Design, LLC*, 16-24224-CIV, 2017 WL 7796317, at *5 (S.D. Fla. Aug. 4, 2017) (citing *Brennan*, 491 F.2d at 4-5). "*Brennan* does not stand for the proposition that setoffs are never allowed in FLSA cases." *Robinson v. Roofs, Structures & Mgmt., Inc.*, 807-CV-1518T-24 TBM, 2007 WL 4468695, at *2 (M.D. Fla. Dec. 18, 2007) (citing *Singer v. City of Waco, Tex.,* 324 F.3d 813, 828 n. 9 (5th Cir.2003)). "[S]everal courts within the Eleventh Circuit have allowed claims for setoffs in FLSA cases." *Id.* (listing cases); *see also Arcusa v. Lisa Coplan-Garder, P.A.*, 2007 WL 3521986 (M.D. Fla. Nov. 15, 2007) (denying a motion to dismiss counterclaims in FLSA case without referencing *Brennan*).

### i. **Plaintiff has alleged a state law claim that minimizes *Brennan's* relevance.**

Without conceding that *Brennan* is controlling here, *Brennan* involved only a FLSA claim and not a Florida state law claim such as Plaintiff's Count II. In noting that an employee/plaintiff's state law claim, pled in addition to an FLSA claim, constituted a "potentially significant distinction between *Brennan*" and the facts before the court, the *Sotelo* Court concluded that "the presence of those additional [state law] claims also cannot be discounted. . . . [plaintiff's] supplemental claims weaken the influence of *Brennan* over the present case as this case does not resolve strictly around the FLSA." *Sotelo v. Interior Glass Design, LLC*, 16-24224-CIV, 2017 WL 7796317, at *6 (S.D. Fla. Aug. 4, 2017). Like *Sotelo,* this case "does not revolve strictly around the FLSA" as Plaintiff has alleged a state law cause of action for "services rendered" in Count II.

### ii. *Brennan* does not mandate dismissal of I2 Visual's compulsory counterclaims.

Courts generally ***deny*** motions to dismiss counterclaims based on *Brennan* where the counterclaim is compulsory. *See Sotelo,* 2017 WL 7796317 at *3-4 (listing cases). Since I2 Visual has alleged compulsory counterclaims, dismissal would be inappropriate. Moreover, the mere existence of a counterclaim seeking damages does not necessarily constitute a prohibited "set-off" as contemplated in *Brennan*. *Hunter*, 2011 WL 2600656 at *1.

### iii. It would be premature to consider dismissal at the pleading stage.

> [C]ourts applying *Brennan* have for the most part been unwilling to summarily dismiss counterclaims at this early stage of the litigation. This is unsurprising, as *Brennan* does not hold that counterclaims are always improper in FLSA cases, nor does *Brennan* address the pleading stage at all. The Fifth Circuit was not reviewing a dismissal case in *Brennan*, but instead a judgment. . . .

*Sotelo,* 2017 WL 7796317 at *4; *see also Carhart v. Gulfstream Homes, Inc.*, 2:08-CV224FTM29SPC, 2008 WL 2415032, at *2 (M.D. Fla. June 12, 2008) (finding that court need not decide, on a motion to dismiss, "the extent of the setoff which will be allowed if defendant prevails on the counterclaim").

Dismissal at this stage would be improper as there has been no determination that Plaintiff is entitled to any relief, and there has been no evidence presented that I2 Visual's Counterclaims would violate *Brennan*. Though Plaintiff posits in his Motion that I2 Visual's Counterclaims would reduce his wage claim to below minimum wage, Plaintiff's complaint belies this assertion. (DE 21 at 7). Assuming arguendo that Plaintiff is entitled to any relief (which I2 Visual denies), Plaintiff is seeking not only unpaid wages, but liquidated (double) damages, and attorney's fees and costs. (DE 2 at 3-4). It would be premature to resolve disputed issues of fact bearing on the ultimate questions in this case, i.e. whether Plaintiff is entitled to

any compensation at all. *See Id.; see also Ward v. Winter Garden Business Park, LLC.* 2006 WL 1382108, at \*2 (M.D. Fla. May 19, 2006) (denying motion to dismiss FLSA counterclaim and listing five issues "to be resolved"). At the pleading stage, Plaintiff has not established its entitlement to any relief whatsoever and Plaintiff has not established that I2 Visual's Counterclaim would result in a recovery below minimum wage. It is simply too soon to render damages determinations where Plaintiff has not established its entitlement to any damages.

### D.  Considerations of fairness and judicial economy militate against dismissal.

Granting Plaintiff's Motion would waste judicial resources. "Fairness and considerations of convenience and of economy ***require*** that the counterclaimant be permitted to maintain his cause of action." *Kentish.*, 2008 WL 927561 at \*1 (citation omitted) (emphasis added). "The litigation of [plaintiff's] claims and [defendant's] counterclaim in separate cases and fora would result in the duplication of efforts and multiple litigations involving the same facts." *Ward v. Winter Garden Bus. Park, LLC*, 6:06CV53-PRL-31KRS, 2006 WL 1382108, at \*2 (M.D. Fla. May 19, 2006). Considerations of economy, convenience, and fairness dictate that I2 Visual's Counterclaims proceed in this action. Filing a separate action in a separate court would constitute an unnecessary duplication of efforts when the parties claims against each other are intertwined.

### II.  Even if I2's Counterclaim is construed as a permissive counterclaim, dismissal would be inappropriate.

It is well-established that permissive counterclaims, with no independent basis for federal jurisdiction, can proceed forward when the counterclaim is seeking only a setoff. *See Mansfield v. Castaways Backwater Cafe, Inc.*, 2:07-CV-401-FTM-29SP, 2008 WL 2694062, at \*2 (M.D. Fla. July 7, 2008) (listing cases). With permissive counterclaims, "[i]t is not necessary for the claim and counterclaim to arise from the same 'transaction or occurrence,' as would be required

to constitute a compulsory counterclaim."  *Rasmussen v. Cent. Florida Council Boy Scouts of Am., Inc.*, 607-CV-1091-ORL19GJK, 2009 WL 320855, at *16 (M.D. Fla. Feb. 9, 2009) (citation omitted).

Numerous decisions in this District have permitted defendants to proceed with permissive counterclaims as a set-off.  *See Dejesus v. Emerald Coast Connections of St. Petersburg, Inc*., 2010 WL 2508844, at *2 (M.D. Fla. June 17, 2010) (holding that the defendants could present their state law claim against the plaintiff "as a setoff only to reduce any recovery [the plaintiff] may receive as long as the offset does not result in his wages falling below the statutory minimum wage."); *Petroff v. Ritmo America, LLC*, 2013 WL 12166335 *2 (M.D. Fla. Oct. 2, 2013) (concluding that defendant "may present its claims against [the plaintiff] as a setoff to reduce any recovery [the plaintiff] may receive as long as the offset does not result in [the plaintiff's] wages falling below the statutory minimum wage."); *Mansfield v. Castaways Backwater Cafe, Inc*., 2:07-CV-401-FTM-29SP, 2008 WL 2694062, at *2 (M.D. Fla. July 7, 2008) (allowing defendants' counterclaim to proceed as a set off for the purpose of reducing any recovery plaintiffs may obtain);  *Mercer v. Palm Harbor Homes, Inc.*, 805CV1435T30TGW, 2005 WL 3019302, at *2 (M.D. Fla. Nov. 10, 2005) (allowing a set off to reduce damages, if any, recovered by plaintiff).  To the extent the Court rules that I2 Visual's Counterclaims are not compulsory – which they are – I2 Visual requests that its counterclaim be maintained as a set off to reduce any recovery by the Plaintiff.

III.    **I2 Visual has adequately alleged causes of action for civil theft and negligence.**

A.  **The Counterclaim for civil theft was properly pleaded.**

I2 Visual adequately alleged the elements to state a claim for civil theft.  Paragraphs 40 through 43 and 47 through 49 of I2 Visual's Counterclaim allege the very elements that Plaintiff

recites on page 12 of his Motion. [DE 21 at 12 - listing elements of civil theft].  Plaintiff does not

dispute that I2 Visual adequately alleged the elements of the causes of action.

Instead, in defiance of the standards governing a motion to dismiss, Plaintiff asks the

court to resolve factual disputes (and the entire Counterclaim) based on Plaintiff's version of

events, well outside the Counterclaim.  Specifically, Plaintiff contends that I2 Visual "cannot

prove" its claim, including the element of intent, based on Plaintiff's allegations.  Such is plainly

improper.  *See Guertin v. United Rentals, Inc.*, 6:12-CV-301-ORL-31, 2012 WL 4760932, at *1

(M.D. Fla. Oct. 5, 2012) (noting that in ruling on a motion to dismiss a court "must limit its

consideration to the pleadings and any exhibits attached thereto."); *see, e.g.* [DE 21 at 13-14, 18,

(III)(A) and (D) -Plaintiff's reference to "an autoshop in Alabama" who allegedly caused the

damage]. Much of Plaintiff's argument, based on Plaintiff's version of events and Plaintiff's

suggestions as to what I2 Visual should have done (see (II)(D) at 18), must be disregarded for

violating the standard governing a motion to dismiss.  At the pleading stage, I2 Visual's

allegations must be accepted as true and construed in the light most favorable to I2 Visual

without regard to matters outside the pleading. *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375

F. Supp. 3d at 1282.

Plaintiff also generally makes arguments that amount to a denial of I2 Visual's

allegations.  Plaintiff's denials of I2 Visual's allegations provide no basis for dismissing the

Counterclaim.  If a party's mere denials of the allegations in a pleading were a sufficient basis

for dismissing the pleading, then no action would proceed beyond the pleading phase and there

would be no need for summary judgment or trial.

     **B.** **Neither party has alleged a cause of action for breach of contract; case law regarding civil theft in the context of a breach of contract action is inapposite.**

10

Plaintiff's assertion that a claim for civil theft must be independent of a breach of contract has little relevance here as neither party has alleged a breach of contract, let alone the existence of a contract. [DE 21 at 13, (II)(A)]. I2 Visual's counterclaim alleges torts independent of the employer-employee relationship.  Notwithstanding, though neither party has alleged the existence of a contract, case law cited by Plaintiff in no way precludes a party from pleading a cause of action for civil theft even where a contractual relationship is alleged to be present.

**C.** **The economic loss rule has been abolished except in all but products liability actions, and thus the rule has no bearing here.**

Perhaps due to inadvertence, Plaintiff asserts that the economic loss rule bars I2 Visual's counterclaims, but the economic loss rule was abolished in all but products liability actions.  In 2013 the Florida Supreme Court declared "that the economic loss rule applies only in the products liability context. We thus recede from our prior rulings to the extent that they have applied the economic loss rule to cases other than products liability." *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 407 (Fla. 2013).  Notably, Plaintiff cites only case law that predates *Tiara Condo Ass'n.*  Plaintiff's reliance on the economic loss rule is meritless.

**D.** **Plaintiff may raise mitigation of damages at trial; asserting that I2 Visual did not mitigate its damages is irrelevant at the pleading phase.**

At the pleading phase, it is inappropriate for the Court to rule on Plaintiff's contention that I2 Visual failed to mitigate its damages.  [DE 21 at 17-18 (III)(D)]. On a motion to dismiss, I2 Visual's allegations that it sustained damages as a result of Plaintiff's acts are accepted as true.  The Counterclaim must be construed in favor of I2 Visual, without regard to Plaintiff's arguments that are well-outside the pleading, including a reference to "Investopedia.com."   [DE 21 at 18].

### E.  I2 Visual's civil theft demand complies with Florida law.

Plaintiff asserts that I2 Visual's civil theft demand letter does not comply with Florida law, but Plaintiff' assertion is based solely on Plaintiff's vague belief that I2 Visual's demand includes items that cannot form the basis of a civil theft claim. [DE 21 at 19 (III)(E)].  Plaintiff fails to identify any specific alleged defects in the civil theft demand letter which is attached to I2 Visual's Counterclaim.   [DE 20-A].   Absent specificity, I2 Visual cannot meaningfully respond.   Regardless, Plaintiff's civil theft demand is detailed and tailored to comply with Florida law.

### IV.     Plaintiff's Motion to Strike the Affirmative Defenses should be denied.

"An affirmative defense need only allege sufficient facts to 'fairly respond to the substance of the allegation,' putting Plaintiff on notice of any facts with regard to the defense. Fed.R.Civ.P. 8." *Judkins v. Bloomen Intern., Inc.*, 809-CV-02538-T-17TBM, 2010 WL 2510665, at *2 (M.D. Fla. June 21, 2010).

> "[a] motion to strike is a drastic remedy, which is disfavored by the courts." [citation omitted] Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." [citation omitted].  An affirmative defense will  also  be stricken if it is insufficient as a matter of law. [citation omitted]. "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

*King v. ITT Educ. Services, Inc.*, 3:09-CV-848-J-32MCR, 2009 WL 3583881, at *1 (M.D. Fla. Oct. 27, 2009).  Even where an affirmative defense is "improper," striking is not necessary and the court may construe the affirmative defense as a denial.   *Sura v. Portfolio Recovery Associates, LLC*, 217CV676FTM38MRM, 2018 WL 6983500, at *3 (M.D. Fla. Nov. 26, 2018),

report and recommendation adopted, 217CV676FTM38MRM, 2018 WL 6983482 (M.D. Fla. Dec. 12, 2018).

Plaintiff asserts generally that I2 Visual's second, fourth and fifth affirmative defenses are invalid in FLSA actions, but Plaintiff pleads, in Count II, a cause of action for "services rendered" arising under Florida common law.  Plaintiff's motion to strike should be denied outright as this action "does not revolve strictly around the FLSA" and Plaintiff's motion to strike ignores that I2 Visual's affirmative defenses are pled with regard to both counts.  *Sotelo*, 2017 WL 7796317 at *6.

Notwithstanding, Plaintiff moves to strike I2 Visual's second affirmative defense which alleges various instances of Plaintiff's Bad Faith and Misrepresentation concerning, among other things, whether Plaintiff was actually working during the time for which he seeks compensation. Contrary to Plaintiff's position, this defense is not a mere "series of gripes" but bears on whether Plaintiff is entitled to *any* relief.  I2 Visual's fourth and fifth affirmative defenses allege civil theft and negligence.

Though Plaintiff asserts that these defenses would "necessarily reduce the wage claim" in violation of *Brennan* (as to Count I), Plaintiff's argument is premature at best. *See Waters v. B & M Landscape Concepts, Inc.*, 609CV1876ORL35DAB, 2010 WL 11626533, at *2 n.2 (M.D. Fla. Feb. 26, 2010), *report and recommendation adopted,* 609CV01876MSSDAB, 2010 WL 11626532 (M.D. Fla. Apr. 22, 2010) (noting that set off affirmative defense was viable to the extent it did not cause plaintiff's recovery to fall below the statutory minimum). The parties have not engaged in discovery yet and there has been no evidence presented to the Court.  Plaintiff may raise this argument by way of summary judgment.  *See FAST SRL v. Direct Connection Travel LLC*, 330 F.R.D. 315, 320–21 (S.D. Fla. 2018) (declining to strike set off affirmative

defense and finding that "[p]laintiff can re-assert any challenges at the summary judgment stage."). Plaintiff has not demonstrated that these defenses "cannot succeed under any set of facts which [I2 Visual] could prove" as he must, in order to justify the "drastic" and "disfavored" remedy of striking. *See King,* 2009 WL 3583881, at \*1.

"Several courts in this circuit agreed that *Brennan* does not stand for the proposition that set-offs are always inappropriate; but rather *Brennan* stands for the more limited proposition that set-offs cannot cause a plaintiff's wages to fall below the statutory minimum." *King*, 2009 WL 3583881, at \*3 (listing 6 cases). Because there has been no evidence that Plaintiff is entitled to any relief, it would be premature to conclude that I2 Visual's mere pleading of these defenses conclusively violates *Brennan.* Finally, striking portions of pleadings is disfavored.

**V.      There is no basis to consider, let alone grant, Plaintiff's request for attorneys' fees.**

Plaintiff implicitly asks the Court to resolve matters of disputed fact and to determine that "there are no justiciable issues of law or fact" to support I2 Visual's civil theft claim. [DE 21 at 22]. Plaintiff's request, once again, defies the standard governing a motion to dismiss. I2 Visual's allegations must be accepted as true and construed in the light most favorable to I2 Visual. Plaintiff asks the Court to do the opposite. Moreover, Plaintiff relies on the abolished economic loss rule to support his argument. Plaintiff may contest the merits of I2 Visual's Counterclaims with evidence, at trial.

### Conclusion

Defendant, I2 Visual, Inc., respectfully requests that Plaintiff's Motion be denied in its entirety. This Court has supplemental jurisdiction over I2 Visual's Counterclaims under 28 U.S.C. § 1367 as a compulsory counterclaim. Alternatively, even if this Court determines that I2 Visual's counterclaim is permissive and not compulsory, I2 Visual should be allowed to proceed

with the counterclaim as a set-off.  To the extent the Court is inclined to dismiss any portion of

I2 Visual's Counterclaims, I2 Visual requests leave to amend.

By: */s/John M. Wicker*
John M. Wicker, Esquire
Florida Bar No. 28637
jwicker@lawcrw.com
COSTELLO & WICKER, P.A.
Attorneys for Plaintiffs
P.O. Drawer 60205
Fort Myers, Florida 33906
Phone (239) 939-2222
Fax (239) 939-2280

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2019, I electronically filed the foregoing

Response with the Clerk of the Court by using the CM/ECF system, which will send Notice of

Electronic Filing to all counsel of record and all parties.

COSTELLO & WICKER, P.A.
Attorneys for Plaintiffs
P.O. Drawer 60205
Fort Myers, Florida 33906
Phone (239) 939-2222
Fax (239) 939-2280

By:     */s/John M. Wicker*
John M. Wicker, Esquire
Florida Bar No. 28637
jwicker@lawcrw.com