UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD KING,

    Plaintiff,

v.                                                Case No. 2:19-cv-00634-FtM-60NPM

12 VISUAL, INC.,

    Defendant.
_____/

## ORDER GRANTING "PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES"

This matter is before the Court on "Plaintiff's Motion to Dismiss Defendant's Counterclaims and to Strike Affirmative Defenses," filed by counsel on December 1, 2019. (Doc. 21). On December 12, 2019, Defendant, through counsel, filed a response in opposition to the motion. (Doc. 23). After reviewing the motion, response, court file, and the record, the Court finds as follows:

### Background

On September 3, 2019, Plaintiff filed his complaint alleging violations of the Fair Labor Standards Act. (Doc. 2). After receiving an extension of time from the Court, Defendant filed its answer, affirmative defenses, and counterclaims on November 12, 2019. (Docs. 19, 20). In its counterclaims, Defendant sues Plaintiff for (1) Civil Theft – (Unauthorized Use of Company Credit Card (Count I), (2) Civil Theft – Theft of Dashboard from Company Vehicle (Count II), and (3) Negligence – Removal of Dashboard from Company Vehicle (Count III).

## Legal Standard

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Geter v. Galardi S. Enterprises, Inc.*, 43 F. Supp. 3d 1322, 1325 (S.D. Fla. 2014). Consequently, the Court "takes the allegations in the counterclaim as true and construes the allegations 'in the light most favorable to the [Defendants].'" *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1282 (S.D. Fla. 2019) (alteration in original) (quoting *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). When considering a motion to dismiss, all facts set forth in the counterclaim "are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Id.* (quoting *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions ...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted) (alteration in original). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Id.* A claim is facially plausible when the pleaded facts allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

In his motion, Plaintiff argues (1) Defendant's counterclaims are barred in FLSA cases under *Brennan* and its progeny, (2) the Court lacks jurisdiction over the Defendant's permissive state law counterclaims, (3) Defendant's counterclaims fail to state a cause of action for civil theft or negligence, (4) Defendant's affirmative defenses must be stricken under *Brennan* and its progeny, and (5) Plaintiff is entitled to attorney's fees and costs pursuant to § 772.11(1), *Florida Statutes*, because there are no justiciable issues of law or fact to support a civil theft claim.

It is well established that "set-offs against back pay awards are inappropriate in actions to enforce FLSA minimum wage and overtime provisions because such set-offs deprive employees of their 'cash in hand.'" *See, e.g., Mizelle v. Edgewood Nursing Ctr., Inc.*, 3:09-cv-605-J-34JRK, 2010 WL 11507128, at *2 (M.D. Fla. Feb. 25, 2010) (citing *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)). The Court finds the reasoning and analysis presented in *Mizelle* persuasive.

In this case, Defendant's counterclaims for civil theft and negligence request $3,469.28 – an amount that would offset Plaintiff's FLSA claim for $3,612 and deprive Plaintiff of her cash in hand. This is the type of inappropriate set-off that would "clutter these proceedings with the minutiae of other employer-employee relationships" and deprive Plaintiff of her "cash in hand." *Id.* (quoting *Brennan*, 491 F.2d at 3). Consequently, the Court finds that the counterclaims cannot proceed, and the affirmative defenses requesting set-off must be stricken. However, the Court declines to award attorney's fees and costs to Plaintiff at this time.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Plaintiff's Motion to Dismiss Defendant's Counterclaims and to Strike Affirmative Defenses" (Doc. 21) is hereby **GRANTED IN PART** and **DENIED IN PART.**

2. Counts I, II, and III of Defendant's counterclaims are **DISMISSED WITHOUT PREJUDICE** to any right Defendant may have to pursue these claims in the appropriate forum.

3. All affirmative defenses that request set-off are **STRICKEN**.

4. Plaintiff's request for attorney's fees and costs is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 6th day of February, 2020.

*/s/ Tom Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**